IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Steven Perkins, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 23 C 80 |
| | ) |
| Mandarich Law Group, LLP, | ) |
| | ) |
| Defendant. | ) |

Memorandum Opinion and Order

Defendant previously sued plaintiff in Illinois state court on behalf of JPMorgan Chase Bank, N.A., based on an allegedly outstanding debt. In this suit, plaintiff asserts that at the time of the state court action, he lived in Texas, not Illinois, such that defendant violated two provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* First, plaintiff claims defendant violated § 1692f, which prohibits the use of unfair or unconscionable means to collect debt. Second, he claims defendant violated § 1692i(a)(2) by bringing the action in a judicial district other than where plaintiff resided at the commencement of the action.[1] Defendant moves to dismiss the amended

---

[1] Plaintiff does not say anything in the amended complaint to suggest that his § 1692f claim is premised on different conduct than is his § 1692i claim, so the only inference I can draw is

complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction because, in its view, plaintiff lacks Article III standing to bring either claim. I agree and grant the motion.

Article III standing has three components: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992)). The injury-in-fact element requires "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). As the proponent of federal jurisdiction, plaintiff bears the burden of establishing standing. *Id.* at 338. In reviewing a facial challenge to standing like the one here, I accept as true the operative complaint's well-pleaded factual allegations and draw all reasonable inferences in plaintiff's favor. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

Defendant challenges only the first two elements of standing. The concrete injury requirement for plaintiffs bringing claims under consumer protection statutes has undergone extensive

---

that both claims are aimed at defendant's allegedly improper filing of its suit in Illinois instead of Texas.

litigation since the Supreme Court decided *Spokeo* and *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). In the wake of those decisions, the bar has been raised for plaintiffs to make out a concrete injury in such suits.[2] The second element, traceability, concerns whether "the line of causation between the illegal conduct and injury [is] too attenuated." *Allen v. Wright*, 468 U.S. 737, 752 (1984).

Plaintiff articulates three harms he suffered, each of which confers standing in his view. The first is that, as a result of the suit filed in Illinois state court, he "has suffered and continues to suffer stress, aggravation, frustration, emotional distress, and mental anguish." Am. Compl., ECF 19 ¶ 14. However, the Seventh Circuit has made emphatically clear that "[p]sychological states induced by" a debt collector's conduct "fall short" of meeting the concrete injury requirement. *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022); *see also Pucillo v. Nat'l Credit Sys., Inc.*, 66 F.4th 634, 639 (7th Cir. 2023) ("[T]he plaintiff must show a harm beyond emotional response, such as an adverse credit rating or detrimental action that the plaintiff took in reliance on the [debt collection]

---

[2] As Judge Hamilton observed in a dissent from rehearing a case *en banc*, "[o]ur recent cases have restricted standing so sharply that we may be close to a tipping point, leaving at least the FDCPA largely neutered in the three states of the Seventh Circuit." *Pierre v. Midland Credit Mgmt., Inc.*, 36 F.4th 728, 736 (7th Cir. 2022) (Hamilton, J., dissenting).

letters."); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) ("Nor does stress by itself with no physical manifestations and no qualified medical diagnosis amount to a concrete harm."). Plaintiff's allegations of emotional harm are therefore insufficient.

Next, plaintiff asserts that because of the time he spent "corresponding with attorneys and preparing to defend himself" in the state court suit, he "lost hours of productivity in his job, for which his pay is determined by the commissions he earns from sales," and that this "cost him an unknown sum in commissions." Am. Compl. ¶¶ 15-16. To the extent plaintiff claims that the need to correspond with attorneys was itself a concrete harm, that possibility has been foreclosed by the Seventh Circuit. *See Nettles v. Midland Funding LLC*, 983 F.3d 896, 900 (7th Cir. 2020) ("[Plaintiff] argued that becoming annoyed and consulting a lawyer suffice to establish injury for standing purposes. We rejected that argument in *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071-72 (7th Cir. 2020)."); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020) ("A desire to obtain legal advice is not a reason for universal standing.").

Plaintiff's allegation that the time he spent corresponding with attorneys took him away from his commission-based work, thus causing him to lose out on compensation, presents a closer question. In *Brown v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 21

4

C 1120, 2021 WL 3910748 (N.D. Ill. Sept. 1, 2021), the plaintiff sued under the FDCPA claiming that a debt collector sent her a letter regarding a debt without disclosing that the debt was too old to collect on. The plaintiff alleged that "she had to take time away from her self-employment work to scour her records to attempt to get to the bottom of the claims about her debt made in the letter" and that, had she known the debt was time-barred, "she would not have spent any of her self-employment work time investigating." *Id.* at \*2. From this, the court drew the inference that she suffered a harm fairly traceable to the defendant's conduct, since she forwent money she would have earned absent defendant's FDCPA violation. *Id.*

The situation here is different. Unlike in *Brown*, where the defendant's failure to disclose the debt as time-barred caused the plaintiff to look into the matter, nothing in the amended complaint in this case makes it plausible, as opposed to merely speculative, that plaintiff would have spent less time corresponding with counsel if defendant had filed its action in the proper venue. In other words, plaintiff's claimed harm is not traceable to defendant's allegedly wrongful conduct. The injury § 1692i contemplates, after all, is "measured by the costs of travelling or sending a lawyer to the remote court and moving for a change of venue." *Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014). Plaintiff does not suggest that he or his attorney had to travel

5

to Illinois to defend against the state court action or that there was some other reason why filing the suit in Illinois exacerbated his lost working time, so the harm as framed cannot provide standing.

Plaintiff further maintains that he suffered reputational harm because the legal filings in the state court action were accessible to the public. Am. Compl. ¶ 17. Like the previous one, this proposed harm falters at the traceability prong because it is implausible that defendant's alleged conduct--filing suit in Illinois instead of Texas--damaged plaintiff's reputation. Plaintiff offers nothing to suggest that if the suit had been filed in Texas, reputational harm would have been avoided or subdued.

I need not delve into the cases plaintiff cites that predate *TransUnion* and the spate of Seventh Circuit decisions that followed to parse which have survived those developments. The law as it stands today compels the result described above. Thus, defendant's motion to dismiss for lack of standing is granted. Plaintiff may file a second amended complaint within 21 days of this order. If no second amended complaint is filed by then, the case will be dismissed without prejudice--as it must be when dismissal is on jurisdictional grounds--and the case will be terminated.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 29, 2024

7